Marco A. **CARMONA**, Plaintiff–Appellant,

v.

Joe **McGRATH**, Warden; et al., Defendants–Appellees.

No. 06–16645.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*

Filed Dec. 28, 2007.

Marco A. Carmona, Crescent City, CA, pro se.

Jennifer J. Nygaard, DAG, California Department of Justice, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*

Marco A. Carmona, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials used excessive force and acted with deliberate indifference to his serious medical needs in connection with transferring Carmona to a different prison cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal pursuant to 28 U.S.C. § 1915A); *Barnett v.*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (grant of summary judgment), and we affirm.

The district court properly granted summary judgment in favor of defendant Ater because Carmona failed to raise a genuine issue of material fact as to whether Ater unreasonably authorized the use of force against him. *See Clement v. Gomez,* 298 F.3d 898, 903 (9th Cir.2002) ("Force does not amount to a constitutional violation ... if it is applied in a good faith effort to restore discipline and order and not maliciously and sadistically for the very purpose of causing harm.") (internal citation and quotation marks omitted).

The district court properly dismissed Carmona's action pursuant to 28 U.S.C. § 1915A(b) because Carmona failed to allege any constitutional violation by defendants.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.